**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD BURLEY,**

      **Plaintiff,**

      **v.**

**JOSEPH KNICKERBOCKER, et al.,**

      **Defendants.**

_____/

      **Case No. 18-cv-12625**

      **District Judge Gershwin A. Drain**

      **Magistrate Judge Mona K. Majzoub**

## REPORT AND RECOMMENDATION

Plaintiff Edward Burley, who at the times described in the complaint was an inmate in the custody of the Michigan Department of Corrections ("MDOC") at Macomb Correctional Facility ("MRF"), contends that Defendants, who are employees of the MDOC, violated his rights under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the U.S. Constitution.  (Docket no. 1.)  Plaintiff seeks both monetary and injunctive relief.  (*Id.* at 8.)

Defendants move for summary judgment.  (Docket no. 17.)  This case has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § (b)(1)(B).  (Docket no. 23.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I.    RECOMMENDATION

For the reasons stated below, the undersigned recommends that Defendants' motion for summary judgment (docket no. 17) be **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Court should determine that Plaintiff's prior claim against Defendant Knickerbocker is not currently pending and is not barred by the doctrine of claim preclusion.

- The Court should conclude that Plaintiff's claims for injunctive relief are moot and dismiss those claims.

- The Court should dismiss Plaintiff's official-capacity claims, but the Court should grant Plaintiff leave to amend his complaint to add claims against Defendants in their individual capacities.

- The Court should dismiss Plaintiff's claims against Defendant Golson.

- The Court should determine that a genuine dispute of material fact remains regarding whether Plaintiff exhausted his administrative remedies with respect to his claim against Defendant White.

## II.    REPORT

### A.    Background

Plaintiff contends that Defendants failed to accommodate his hearing impairment during his incarceration at MRF in 2015 and 2016. (Docket no. 1, pp. 5–6.)

In a grievance filed on April 29, 2015, Plaintiff alleged that Defendant Knickerbocker wrongfully denied his request to add closed captioning to the prison's movie channel. (Docket no. 17-6, pp. 92–93.) The MDOC denied this grievance, concluding that "[m]ovies are a leisure time activity and MRF selects movies in accordance to policy and procedure." (*Id.*) The MDOC upheld that determination at Step III on March 8, 2016. (*Id.* at 89.)

In a grievance filed on February 5, 2016, Plaintiff complained that Defendant White denied his request to provide a sign-language interpreter during religious services. (*Id.* at 49.) The MDOC denied this grievance because Plaintiff "failed to attempt to resolve [the] issue with staff before submitting [the] grievance." (*Id.*)

In February of 2016, Plaintiff filed a complaint contending, *inter alia*, that Defendant Knickerbocker failed to provide closed captioning for hearing impaired individuals. (E.D. Mich. Case No. 16-10712, docket no. 1, p. 32.)     On March 6, 2017, the court in that matter dismissed

2

Plaintiff's claim against Defendant Knickerbocker because the underlying grievance "was not exhausted until after the complaint was filed." (E.D. Mich. Case No. 16-10712, docket no. 76, p. 10; docket no 99.)

Plaintiff filed the present complaint on August 22, 2018. He alleges that Defendants Knickerbocker, White, Haas and Golson violated the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the U.S. Constitution. (Docket no. 1.) Defendants move for summary judgment, contending that (1) Plaintiff's claim against Defendant Knickerbocker is "repetitive," (2) Plaintiff's requests for injunctive relief are moot because Plaintiff no longer resides at MRF, (3) Defendants are entitled to Eleventh Amendment immunity, (4) Defendant Golson was not personally involved in the alleged violations, and (5) Plaintiff has not exhausted his administrative remedies. (Docket no. 17.)

### B.       Governing Law

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 43.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

In responding to a motion for summary judgment based on failure to exhaust available administrative remedies, it is not the prisoner's burden to plead or prove that he has successfully done so.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Rather, failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, and so Defendants carry the burden of persuasion on the issue, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).  "In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'"  *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)).  In such cases, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion."  *Id.* (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

C.      **Analysis**

1.      *Previously Filed Claims Against Defendant Knickerbocker*

Defendants contend that Plaintiff's claims against Defendant Knickerbocker should be dismissed because Plaintiff "has a similar lawsuit currently pending against" Knickerbocker. (Docket no. 17, p. 11.)

However, although Plaintiff's prior lawsuit (E.D. Mich. Case No. 16-10712) remains pending, the claim against Defendant Knickerbocker was dismissed in March of 2017, more than a year before Plaintiff filed the present complaint.  Dismissal due to pending administrative claims is not a "final decision on the merits" for the purposes of claim preclusion.  *See Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017).

Accordingly, Plaintiff's prior claim against Defendant Knickerbocker is not currently pending and is not barred by the doctrine of claim preclusion.

2.      *Injunctive Relief Moot*

Defendants contend that Plaintiff's requests for injunctive relief are moot because Plaintiff no longer resides at MRF.  (Docket no. 17, pp. 12–13.)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L.Ed.2d 491 (1969).  "The test for mootness is 'whether the relief sought would, if granted, make a difference to the legal interests of the parties.'"  *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (citing *McPherson*, 119 F.3d at 458 (quoting *In re Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992))).

Under this authority, the Court should conclude that Plaintiff's claims for injunctive relief are moot because Plaintiff no longer resides at the facility that employs Defendants.

### 3.    Official-Capacity Claims

Defendants contend that Plaintiff's claims for money damages are barred by the Eleventh Amendment because Plaintiff sued them in their official capacities.  (Docket no. 17, pp. 13–14.)

"The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'"  *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459 464 (1945)).  "Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief."  *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994) (citation omitted).  As discussed above, Plaintiff's claims for prospective relief should be dismissed as moot.  The remaining claims seek only retroactive relief, in the form of monetary damages.  (*See* docket no. 1, p. 8.)  Therefore, the Court should dismiss Plaintiff's official capacity claims.

As Defendants note, Plaintiff only sued them in their official capacities.  (*Id.* at 2–3.) Plaintiff responds that he "intended on suing all Defendants in both their official and individual capacities" and requests leave to amend his complaint to include individual-capacity claims. (Docket no. 20, p. 13–14.)

Although Plaintiff's informal request fails to comply with Rule 15.1 of the Local Rules of the United States District Court for the Eastern District of Michigan ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."), such failure "is not grounds for denial of the motion."  E. D. Mich. LR 15.1.

 A party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2). Such leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

Because the requested amendment is not motivated by bad faith and would not unduly prejudice Defendants, the Court should grant Plaintiff leave to amend his complaint to add claims against Defendants in their individual capacities.

### 4.    *Claims Against Defendant Golson*

Defendants contend that Plaintiff fails to make a clear showing that Defendant Golson was personally involved in the alleged violations.  (Docket no. 17, p. 18.)

Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Plaintiff contends that Golson "was appraised [*sic*] via the Warden's forum and kites that [Plaintiff] was not afforded closed captioning for the movie channel [and that Plaintiff] was not afforded an interpreter for Jewish religious services."  (Docket no. 1, p. 7.)  Plaintiff further alleges that Defendant Golson "failed to assure that [Plaintiff] was reasonably accommodated for [his] hearing disability."  (*Id.*)

What Plaintiff fails to allege is that Defendant Golson, as the warden's administrative assistant, had any authority or responsibility to make the changes Plaintiff requested.  For this reason, the Court should dismiss Plaintiff's claims against Defendant Golson.

### 5.    *Exhaustion*

Defendants assert that Plaintiff failed to exhaust his administrative remedies.  (Docket no. 17, pp. 18–29.)

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all administrative remedies before filing a § 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation omitted). "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

As described in the background section, Plaintiff filed two grievances regarding the claims at issue in this case.

In the grievance dated April 29, 2015, Plaintiff alleged that Defendant Knickerbocker wrongfully denied his request to add closed captioning to the prison's movie channel. (Docket no. 17-6, pp. 92–93.) Defendants do not contest that this grievance was exhausted against Defendant Knickerbocker. (Docket no. 17, p. 27.) However, Defendants contend that Plaintiff failed to allege that Defendant Golson was involved. (*Id.*) As noted above, the undersigned recommends that the claims against Defendant Golson be dismissed because Plaintiff fails to state viable claims against her. But the Court should also conclude that Plaintiff failed to exhaust his April 29, 2015 grievance against Defendant Golson, which would stand as an alternative basis for dismissal of that claim.

In the grievance dated February 5, 2016, Plaintiff complained that Defendant White denied his request to provide a sign-language interpreter during religious services.  (Docket no. 17-6, pp. 49.)  The MDOC denied this grievance because Plaintiff "failed to attempt to resolve [the] issue with staff before submitting [the] grievance."  (*Id.*)  Defendants assert that because Plaintiff "failed to follow the proper procedures, this grievance does not exhaust any of his Complaint allegations." (Docket no. 17, p. 25.)  In response, Plaintiff testifies that he attempted to resolve the issue with Defendant White prior to filing the grievance:

> I sent Defendant White a kite letter on 1-8-16 requesting that he provide me an interpreter for Friday Night Religious Services, Hanakuah [sic], and Passover (Seder), however, he refused. I filed a grievance against him, Warden Haas, MDOC, and others for refusing to afford me an interpreter as I was experiencing difficulties in services.

(Docket no. 20, p. 25.)

Based on this testimony, a finder of fact could reasonably conclude that Plaintiff complied with the MDOC grievance procedure and properly exhausted his administrative remedies. Accordingly, the Court should determine that a genuine dispute of material fact remains regarding this issue and deny Defendants' motion for summary judgment with respect to the February 5, 2016 grievance.

### D.    Conclusion

For the reasons stated herein, the undersigned recommends that Defendants' motion for summary judgment (docket no. 17) be **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Court should determine that Plaintiff's prior claim against Defendant Knickerbocker is not currently pending and is not barred by the doctrine of claim preclusion.

- The Court should conclude that Plaintiff's claims for injunctive relief are moot and dismiss those claims.

- The Court should dismiss Plaintiff's official-capacity claims, but the Court should grant Plaintiff leave to amend his complaint to add claims against Defendants in their individual capacities.

- ▪ The Court should dismiss Plaintiff's claims against Defendant Golson.

- ▪ The Court should determine that a genuine dispute of material fact remains regarding whether Plaintiff exhausted his administrative remedies with respect to his claim against Defendant White.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 24, 2019          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

10

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 24, 2019          <u>s/ Leanne Hosking</u>
                               Case Manager