UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BURLEY,

    Plaintiff,                                  Case No. 18-cv-12625

    v.                                         Honorable Gershwin A. Drain

JOSEPH KNICKERBOCKER, *et al*.,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS [#35], ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#33] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#17]

### I. Introduction

Plaintiff Edward Burley is an inmate of the Michigan Department of Corrections (MDOC), who was housed at the Macomb Correctional Facility (MRF) when the events giving rise to this action occurred. He contends that Defendants Joseph Knickerbocker, Randall Haas, Mona Golson, and LeRoy White violated his rights under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the United States Constitution. Because of these alleged harms, Plaintiff is seeking both monetary and injunctive relief. Defendants have filed a Motion for Summary Judgment.

Presently before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation on Defendants' Motion for Summary Judgment, filed on April 24, 2019. Magistrate Judge Majzoub recommends that the Defendants' motion be granted in part and denied in part. Plaintiff filed objections to the Report and Recommendation on May 7, 2019. For the following reasons, the Court overrules Plaintiff's objections and adopts Magistrate Judge Majzoub's Report and Recommendation.

**II. Standard of Review**

When examining a report and recommendation, the Court should apply the standard of review provided by 28 U.S.C. § 636(b)(1)(C). This section provides in pertinent part that "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Furthermore, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

**III.  Analysis**

  **A. Objection No. 1**

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to allege that Defendant Golson, in her capacity as the warden's administrative

assistant, had any authority or responsibility to make the changes that Plaintiff requested. Plaintiff argues that Magistrate Judge Majzoub "applied a stringent standard not authorized by law" when she reviewed the Plaintiff's pro se complaint. (Docket no. 35, p. 1). This objection will be overruled. Plaintiff loosely applies the *Iqbal* court's demand of "more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).[1] As it is written at page 7, ¶ 3, the complaint reflects that Defendant Golson merely had knowledge of a potential grievance. It does not, however, assert that her having such knowledge created the duty, or that she had the authority to act on behalf of the Plaintiff in assuring that Plaintiff's request was fulfilled.

Though it is not acknowledged in the original complaint, Plaintiff asserts, in his objections, that "all administrative assistants are [disabilities coordinators] throughout the MDOC." (Docket no. 35, p. 2). If this is true, it would put Defendant Golson in a supervisory role over all things concerning inmates with disabilities. In *Salehpour v. University of Tennessee*, the court held that "supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206

---

[1] The Court recognizes that a Rule 56 motion has been brought. However, the Court finds that a 12(b)(6) analysis forecloses Plaintiff's claim against Defendant Golson.

(6th Cir. 1998). Even if Plaintiff is correct and all administrative assistants are disabilities coordinators, Plaintiff has not alleged Defendant Golson engaged in any acts that harmed him. Rather, Plaintiff merely alleges Golson failed to grant his request for closed captioning and an interpreter during religious services. As such, Plaintiff's first objection is overruled.

### B. Objection No. 2

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to exhaust his April 29, 2015 grievance against Defendant Golson. Plaintiff asserts that "PD 03.02.130 requires a prisoner to present an issue that affects the prison population to the Warden's Forum." (Docket no. 35, p. 3). However, this section outlines a multi-step process of resolving jailhouse grievances, of which Plaintiff seems to be well acquainted. As documented in Defendant's brief in support of summary judgement, Plaintiff has submitted copious grievances for a plethora of reasons. More specifically, "Burley has filed eighteen Step III grievance appeals while incarcerated at MRF." (Docket no. 17, p. 17). Plaintiff's knowledge of the grievance process shows that he should have known that a mere submission to the Warden's Forum would not suffice for the exhaustion of the grievance in question. Furthermore, Plaintiff refers to Exhibit A in support of his argument that he exhausted the grievance concerning Defendant Golson. However, Exhibit A is a mere acknowledgement of Plaintiff's concerns and signed by Defendant

Stephenson. At no point does it make mention of Defendant Golson. Therefore, Magistrate Judge Majzoub correctly concluded that Plaintiff's failure to prove he fully exhausted his April 29, 2015 grievance concerning Defendant Golson serves as an alternate basis for Golson's dismissal. Plaintiff's Objection No. 2 is overruled.

### C. Objection No. 3

Plaintiff third objection does not challenge any of the recommendations made by Magistrate Judge Majzoub in her Report and Recommendation. Rather, Plaintiff's third objection relates to his Motion to Strike Medical Records [ECF. No. 21] and his Motion for Sanctions [ECF. No. 27]. It appears that Plaintiff had yet to receive Magistrate Judge Majzoub's decision on his Motion to Strike and Motion for Sanctions when he submitted his objections to the Report and Recommendation. A review of the docket reveals that Plaintiff has now received Magistrate Judge Majzoub's Order denying his Motion to Strike and Motion for Sanctions because Plaintiff filed an Appeal of this Order on May 8, 2019. Because Plaintiff's third objection does not challenge any of the Report and Recommendation's factual or legal conclusions, it is overruled. The Court will address Plaintiff's Appeal of Magistrate Judge Majzoub's Order denying his Motion to Strike and Motion for Sanctions in a separate Order.

### D. Objection No. 4

Plaintiff's fourth objection suffers from the same issue as his third objection. Specifically, Plaintiff's last objection relates to his Motion to Strike and his assertion that the Magistrate Judge should have stricken the medical records that the Defendants attached to their Motion for Summary Judgment. Because this objection does not challenge Magistrate Judge Majzoub's factual or legal conclusions in her Report and Recommendation, it will likewise be denied. The Court notes that Magistrate Judge Majzoub did not rely on the medical records in resolving the Defendants' Motion for Summary Judgment.

## IV. Conclusion

Accordingly, Plaintiff's objections [#35] are OVERRULED. The Court ACCEPTS AND ADOPTS Magistrate Judge Mona K. Majzoub's Report and Recommendation [#33] as this Court's findings of fact and conclusions of law. Defendants' Motion for Summary Judgment [#17] is GRANTED IN PART and DENIED IN PART.

Defendant Golson is DISMISSED.

Plaintiff's official capacity claims against the Defendants are also DISMISSED.

Plaintiff's claims for injunctive relief are DISMISSED.

Plaintiff may amend his complaint to add individual capacity claims against Defendants Knickerbocker, Haas, and White <u>no later than July 19, 2019</u>.

**SO ORDERED.**

Dated:                                          /s/ Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Edward Burley, #502426, Oaks Correctional Facility, 1500 Caberfae Hwy., Manistee, MI 49660 on June 26, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager